1  THOMAS E. FRANKOVICH,
   *A Professional Law Corporation*
2  THOMAS E. FRANKOVICH (State Bar No. 074414)
   4328 Redwood Hwy., Suite 300
3  San Rafael, CA 94903
   Telephone:    415/674-8600
4  Facsimile:    415/674-9900

5  Attorneys for Plaintiff
   CRAIG YATES, an individual

6

7                **UNITED STATES DISTRICT COURT**

8              **NORTHERN DISTRICT OF CALIFORNIA**

9

10 CRAIG YATES, an individual,                 C ) **V**CASE NO. **10  1485**
                                               ) **Civil Rights**
11        Plaintiff,                           )
                                               ) **COMPLAINT FOR INJUNCTIVE RELIEF**
12 v.                                          ) **AND DAMAGES:**
                                               )
13                                             ) **1ˢᵗ CAUSE OF ACTION:** For Denial of Access
                                               ) by a Public Accommodation in Violation of the
14                                             ) Americans with Disabilities Act of 1990 (42
   TOASTIES, HON WING FUNG and PIK             ) U.S.C. §12101, *et seq.*)
15 WAH LEE FUNG, as Trustees of THE            )
   FUNG FAMILY TRUST, U.D.T. ("Under           ) **2ⁿᵈ CAUSE OF ACTION:** For Denial of Full
16 Declaration of Trust"), Dated August 24,    ) and Equal Access in Violation of California
   1994; and  CHARLIE TRUONG, an               ) Civil Code §§54, 54.1 and 54.3
17 individual, dba TOASTIES,                    )
                                               ) **3ʳᵈ CAUSE OF ACTION:** For Denial of
18                                             ) Accessible Sanitary Facilities in Violation of
        Defendants.                            ) California Health & Safety Code §19955, *et seq.*
19 _____         )
                                               ) **4ᵗʰ CAUSE OF ACTION:** For Denial of
20                                               Access to Full and Equal Accommodations,
                                                 Advantages, Facilities, Privileges and/or
21                                               Services in Violation of California Civil Code
                                                 §51, *et seq.* (The Unruh Civil Rights Act)
22

23

24                         **DEMAND FOR JURY**

25

26

27

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES
                                                                          1

1    Plaintiff CRAIG YATES, an individual, complains of defendants TOASTIES, HON

2    WING FUNG and PIK WAH LEE FUNG, as Trustees of THE FUNG FAMILY TRUST, U.D.T.

3    ("Under Declaration of Trust"), Dated August 24, 1994; and CHARLIE TRUONG, an

4    individual, dba TOASTIES and alleges as follows:

5    **INTRODUCTION:**

6    1.    This is a civil rights action for discrimination against persons with physical

7    disabilities, of which class plaintiff CRAIG YATES and the disability community are members,

8    for failure to remove architectural barriers structural in nature at defendants' TOASTIES, a place

9    of public accommodation, thereby discriminatorily denying plaintiff and the class of other

10   similarly situated persons with physical disabilities access to, the full and equal enjoyment of,

11   opportunity to participate in, and benefit from, the goods, facilities, services, and

12   accommodations thereof.  Plaintiff seeks injunctive relief and damages pursuant to the

13   Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*; California Civil Code §§51,

14   51.5 and 54, *et seq.*; and California Health & Safety Code §19955, *et seq.*

15   2.    Plaintiff CRAIG YATES is a person with physical disabilities who, on or about

16   February 9, 2009, March 7, 2009, March 9, 2009, April 10, 2009, January 26, 2010 and

17   February 3, 2010, was an invitee, guest, patron, customer at defendants' Café Gratitude and

18   TOASTIES, in the City of San Francisco, California.  At said times and place, defendants failed

19   to provide proper legal access to the premises of then Café Gratitude and now TOASTIES, each

20   which is a "public accommodation" and/or a "public facility" including, but not limited to the

21   entrance and unisex restroom.  The denial of access was in violation of both federal and

22   California legal requirements, and plaintiff CRAIG YATES suffered violation of his civil rights

23   to full and equal access, and was embarrassed and humiliated.

24   ///

25   ///

26   ///

27   ///

28   ///

1 **JURISDICTION AND VENUE:**

2     3.    **Jurisdiction:** This Court has jurisdiction of this action pursuant to 28 U.S.C.

3 §1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*.

4 Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same

5 nucleus of operative facts and arising out of the same transactions, are also brought under parallel

6 California law, whose goals are closely tied with the ADA, including but not limited to violations

7 of California Civil Code §51, *et seq.* and §54, *et seq.*, California Health & Safety Code §19955 *et*

8 *seq.*, including §19959; Title 24 California Building Standards Code.

9     4.    **Venue:** Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is

10 founded on the facts that the real property which is the subject of this action is located at/near

11 1336 9th Avenue, in the City and County of San Francisco, State of California, and that plaintiff's

12 causes of action arose in this county.

13 **PARTIES:**

14     5.    Plaintiff CRAIG YATES is a "physically handicapped person", a "physically

15 disabled person", and a "person with physical disabilities" (hereinafter the terms "physically

16 disabled", "physically handicapped" and "person with physical disabilities" are used

17 interchangeably, as these words have similar or identical common usage and legal meaning, but

18 the legislative scheme in Part 5.5 of the Health & Safety Code uses the term "physically

19 handicapped persons" and the Unruh Civil Rights Act, §§51, 51.5, 54 and 54.1, and other

20 statutory measures refer to protection of the rights of "physically disabled persons"). Plaintiff

21 CRAIG YATES is a "person with physical disabilities", as defined by all applicable California

22 and United States laws. Plaintiff is a triplegic. Plaintiff CRAIG YATES requires the use of a

23 wheelchair to travel about in public. Consequently, plaintiff CRAIG YATES is a member of that

24 portion of the public whose rights are protected by the provisions of Health & Safety Code

25 §19955, *et seq.* (entitled "Access to Public Accommodations by Physically Handicapped

26 Persons") and the protections of the Unruh Civil Rights Act, Civil Code §§51 and 51.5 the

27 Disabled Persons Act, Civil Code §54, and the Americans with Disabilities Act, 42 U.S.C.

28 §12101, *et seq.*

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

3

1      6.     Defendants TOASTIES, HON WING FUNG and PIK WAH LEE FUNG, as

2 Trustees of THE FUNG FAMILY TRUST, U.D.T. ("Under Declaration of Trust"), Dated August

3 24, 1994; and CHARLIE TRUONG, an individual, dba TOASTIES (hereinafter alternatively

4 collectively referred to as "defendants") are the owners and operators, lessors and/or lessees, or

5 agents of the owners, lessors and/or lessees, of the public accommodation formerly known as

6 Café Gratitude and now as TOASTIES, located at/near 1336 9th Avenue, San Francisco,

7 California, or of the building and/or buildings which constitute said public accommodation.

8      7.     At all times relevant to this complaint, defendants HON WING FUNG and PIK

9 WAH LEE FUNG, as Trustees of THE FUNG FAMILY TRUST, U.D.T. ("Under Declaration of

10 Trust"), Dated August 24, 1994; and CHARLIE TRUONG, an individual, dba TOASTIES, own

11 and operate in joint venture the either subject Café Gratitude or TOASTIES as a public

12 accommodation. Each business was/is open to the general public and conducts business therein.

13 The business is a "public accommodation" or "public facility" subject to the requirements of

14 California Civil Code §§51, 51.5 and 54, *et seq.,* Health and Safety code §19955, *et seq.,* and the

15 ADA, 42 U.S.C. §12101, *et seq.*

16      8.     At all times relevant to this complaint, defendants HON WING FUNG and PIK

17 WAH LEE FUNG, as Trustees of THE FUNG FAMILY TRUST, U.D.T. ("Under Declaration of

18 Trust"), Dated August 24, 1994; and CHARLIE TRUONG, an individual, dba TOASTIES

19     are jointly and severally responsible to identify and remove architectural barriers at the

20 subject public accommodations for which each was responsible for pursuant to Code of Federal

21 Regulations title 28, section 36.201(b), which states in pertinent part:

22      **§ 36.201    General**

23              (b) *Landlord and tenant responsibilities.* Both the landlord
who owns the building that houses a place of public
24      accommodation and the tenant who owns or operates the place of
public accommodation are public accommodations subject to the
25      requirements of this part. As between the parties, allocation of
responsibility for complying with the obligations of this part may
26      be determined by lease or other contract.

27      28 CFR §36.201(b)

28  ///

1 **PRELIMINARY FACTUAL ALLEGATIONS:**

2    9.    The Café Gratitude and now TOASTIES, each was/is a restaurant, located at/near
3 1336 9th Avenue San Francisco, California. The then Café Gratitude and now TOASTIES, their
4 entrance and unisex restroom, and its other facilities are each a "place of public accommodation
5 or facility" subject to the barrier removal requirements of the Americans with Disabilities Act.
6 On information and belief, each such facility has, since July 1, 1970, undergone "alterations,
7 structural repairs and additions," each of which has subjected the then Café Gratitude and now
8 TOASTIES and each of its facilities, their entrance and unisex restroom to disability access
9 requirements per the Americans with Disabilities Act Accessibility Guidelines (ADAAG), and
10 Title 24 of the California Code of regulations (Title 24).

11    10.    On or about August of 1994, defendants' and each of them purchased, transferred
12 deeds and/or took possessory control of the premises now known as TOASTIES. At all times
13 prior thereto, defendants' and each of them were aware of their obligation prior to the close of
14 escrow, or upon taking possessory interest that public accommodations had a duty to identify and
15 remove architectural barriers and were aware that the then Café Gratitude and now TOASTIES
16 was not accessible to the disabled. Nevertheless, defendants' and each of them, operated each of
17 said public accommodations as though it was accessible.

18    11.    At all times stated herein, defendants' and each of them with the knowledge that
19 each of them had a continuing obligation to identify and remove architectural barriers where it
20 was readily achievable to do so, failed to adopt a transition plan to provide better and/or
21 compliant access to the subject accommodation.

22    12.    At all times referred to herein and continuing to the present time, defendants, and
23 each of them, advertised, publicized and held out the then Café Gratitude and now TOASTIES as
24 being handicapped accessible and handicapped usable.

25    13.    On or about February 9, 2009, March 7, 2009, March 9, 2009 and April 10, 2009,
26 plaintiff CRAIG YATES was an invitee and guest at the subject Café Gratitude, for purposes of
27 purchasing and consuming food and beverages.

28 ///

1    14.    On or about February 9, 2009, March 7, 2009, March 9, 2009 and April 10, 2009,
2  plaintiff CRAIG YATES was unable to gain front entrance access to the Café Gratitude due to a
3  six (6) inch high landing in front of the door at the subject café.

4    15.    On or about February 9, 2009, plaintiff CRAIG YATES could not access Café
5  Gratitude. Plaintiff CRAIG YATES was compelled to phone his order in and conduct his
6  business from the sidewalk. Plaintiff CRAIG YATES spoke with a person who acknowledged
7  her name as "Empress." Plaintiff CRAIG YATES understood her to be the manager.

8    16.    At said time and place, plaintiff CRAIG YATES engaged Empress in a discussion
9  relative to Café Gratitude about providing a portable ramp to provide access. Empress
10  acknowledged that she would take the responsibility to convey plaintiff's request to those
11  authorized to purchase a ramp. It was understood that a portable ramp would solve the access
12  problem.

13    17.    On or about March 7, 2009, plaintiff CRAIG YATES returned to Café Gratitude.
14  The day was cold and misty. Plaintiff CRAIG YATES could not enter the café. Plaintiff CRAIG
15  YATES had to get the attention of staff to come out unto the sidewalk and take his order.
16  Plaintiff CRAIG YATES inquired about the ramp. Plaintiff CRAIG YATES was told it had not
17  arrived. Plaintiff CRAIG YATES secured his order and left.

18    18.    On or about March 9, 2009, plaintiff CRAIG YATES again patronized Café
19  Gratitude. It was another cold and misty day. Plaintiff CRAIG YATES telephoned his order in.
20  When plaintiff CRAIG YATES arrived, plaintiff CRAIG YATES could not get into the
21  restaurant. Plaintiff CRAIG YATES asked the waiter about the ramp and the waiter had no
22  knowledge about it.

23    19.    On or about but before April 10, 2009, plaintiff CRAIG YATES learned that the
24  unisex restroom at the Café Gratitude was not accessible.

25    20.    On or about April 10, 2009, plaintiff CRAIG YATES once again patronized Café
26  Gratitude. Again, plaintiff CRAIG YATES could not access the café. There was no ramp at said
27  time.

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

6

1  21.    Plaintiff CRAIG YATES was informed that Café Gratitude would be closing and
2  no longer doing business at the subject location.

3  22.    At said time and place, plaintiff CRAIG YATES does not and will not seek
4  damages from defendants HON WING FUNG and PIK WAH LEE FUNG, as Trustees of THE
5  FUNG FAMILY TRUST, U.D.T. ("Under Declaration of Trust"), Dated August 24, 1994, for
6  any violations stemming from the operation of Café Gratitude, for which the trust had no
7  possessory control and/or otherwise.

8  23.    On or about but before August 18, 2009, plaintiff CRAIG YATES was on 9th
9  Avenue, San Francisco, California at the old location of Café Gratitude. It appeared to plaintiff
10  CRAIG YATES that a new business was going in. A wooden ramp connected the sidewalk with
11  the top of the landing.

12  24.    On or about January 26, 2010, plaintiff CRAIG YATES patronized TOASTIES
13  located at 1336 9th Avenue, San Francisco, California. Plaintiff CRAIG YATES got the attention
14  of staff and inquired about the whereabouts of the ramp. Plaintiff CRAIG YATES was told in
15  substance, that the ramp was being repaired. Plaintiff CRAIG YATES had no choice but to order
16  from the sidewalk and leave with a to-go order.

17  25.    On or about February 3, 2010, plaintiff CRAIG YATES returned to TOASTIES
18  and again could not enter it because of the concrete landing. Plaintiff CRAIG YATES was
19  compelled to order his food from the sidewalk to-go. Plaintiff CRAIG YATES inquired whether
20  the ramp had been fixed, and plaintiff CRAIG YATES was told in substance that the ramp was
21  no longer needed. Plaintiff CRAIG YATES took his to-go order and left.

22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

7

1      26.    Therefore, at said times and place, plaintiff CRAIG YATES, a person with a

2  disability, encountered the following inaccessible elements of the subject TOASTIES which

3  constituted architectural barriers and a denial of the proper and legally-required access to a public

4  accommodation to persons with physical disabilities including, but not limited to:

          a.    lack of directional signage to show accessible routes of travel, i.e. entrances;

          b.    lack of an accessible entrance due to a raised six (6) inch concrete landing;

          c.    lack of a handicapped-accessible public restroom; and

          d.    On personal knowledge, information and belief, other public facilities and elements too numerous to list were improperly inaccessible for use by persons with physical disabilities.

11      27.    At all times stated herein, the existence of architectural barriers at defendants'

12  place of public accommodation evidenced "actual notice" of defendants' intent not to comply

13  with the Americans with Disabilities Act of 1990 either then, now or in the future.

14      28.    As a legal result of defendants HON WING FUNG and PIK WAH LEE FUNG, as

15  Trustees of THE FUNG FAMILY TRUST, U.D.T. ("Under Declaration of Trust"), Dated August

16  24, 1994; and CHARLIE TRUONG, an individual, dba TOASTIES's failure to act as a

17  reasonable and prudent public accommodation in identifying, removing or creating architectural

18  barriers, policies, practices and procedures that denied access to plaintiff and other persons with

19  disabilities, plaintiff suffered the damages as alleged herein.

20      29.    As a further legal result of the actions and failure to act of defendants, and as a

21  legal result of the failure to provide proper handicapped-accessible public facilities as set forth

22  herein, plaintiff was denied his civil rights to full and equal access to public facilities. Plaintiff

23  CRAIG YATES suffered a loss of his civil rights and his rights as a person with physical

24  disabilities to full and equal access to public facilities.

25  ///

26  ///

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

8

1    30. Further, plaintiff CRAIG YATES suffered emotional distress, mental distress,
2  mental suffering, mental anguish, which includes, but is not limited to, shame, humiliation,
3  embarrassment, anger, disappointment and worry, expectedly and naturally associated with a
4  person with physical disabilities being denied access, all to his damages as prayed hereinafter in
5  an amount within the jurisdiction of this court. No claim is being made for mental and emotional
6  distress over and above that usually associated with the discrimination and physical injuries
7  claimed, and no expert testimony regarding this usual mental and emotional distress will be
8  presented at trial in support of the claim for damages.

9    31. Defendants', and each of their, failure to remove the architectural barriers at the
10  respective public accommodation for which each was the landlords' and/or the tenants'
11  complained of herein created, at the time of plaintiff CRAIG YATES's first visit to each of said
12  public accommodations, and continues to create continuous and repeated exposure to substantially
13  the same general harmful conditions which caused plaintiff CRAIG YATES harm as stated
14  herein.

15    32. Plaintiff CRAIG YATES was denied his rights to equal access to a public facility
16  by defendants HON WING FUNG and PIK WAH LEE FUNG, as Trustees of THE FUNG
17  FAMILY TRUST, U.D.T. ("Under Declaration of Trust"), Dated August 24, 1994; and
18  CHARLIE TRUONG, an individual, dba TOASTIES, because defendants HON WING FUNG
19  and PIK WAH LEE FUNG, as Trustees of THE FUNG FAMILY TRUST, U.D.T. ("Under
20  Declaration of Trust"), Dated August 24, 1994; and CHARLIE TRUONG, an individual, dba
21  TOASTIES maintained a café without access for persons with physical disabilities to its facilities,
22  including but not limited to the entrance and unisex restroom, and other public areas as stated
23  herein, and continue to the date of filing this complaint to deny equal access to plaintiff and other
24  persons with physical disabilities in these and other ways.

25    33. On information and belief, construction alterations carried out by defendants have
26  also triggered access requirements under both California law and the Americans with Disabilities
27  Act of 1990.

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

9

1    34.    Plaintiff, as described hereinbelow, seeks injunctive relief to require TOASTIES to
2  be made accessible to meet the requirements of both California law and the Americans with
3  Disabilities Act of 1990, whichever is more restrictive, so long as defendants operate TOASTIES
4  as a public facility.

5    35.    Plaintiff seeks damages for violation of their civil rights on February 9, 2009,
6  March 7, 2009, March 9, 2009, April 10, 2009, January 26, 2010 and February 3, 2010 and seeks
7  statutory damages of not less than $4,000, pursuant to Civil Code §52(a) or alternatively $1000
8  pursuant to Civil Code §54.3, for each day after his visit that the trier of fact (court/jury)
9  determines was the date that some or all remedial work should have been completed under the
10  standard that the landlord and tenant had an ongoing duty to identify and remove architectural
11  barriers where it was readily achievable to do so, which deterred plaintiff CRAIG YATES from
12  returning to the subject public accommodation because of his knowledge and/or belief that neither
13  some or all architectural barriers had been removed and that said premises remains inaccessible to
14  persons with disabilities whether a wheelchair user or otherwise.

15    36.    On information and belief, defendants have been negligent in their affirmative duty
16  to identify the architectural barriers complained of herein and negligent in the removal of some or
17  all of said barriers.

18    37.    Because of defendants' violations, plaintiff and other persons with physical
19  disabilities are unable to use public facilities such as those owned and operated by defendants on a
20  "full and equal" basis unless such facility is in compliance with the provisions of the Americans
21  with Disabilities Act of 1990, Civil Code §54.1 and Health & Safety Code §19955, *et seq.* and
22  other accessibility law as plead herein. Plaintiff seeks an order from this court compelling
23  defendants to make TOASTIES accessible to persons with disabilities.

24  ///
25  ///
26  ///
27  ///
28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

10

1          38.     On information and belief, defendants HON WING FUNG and PIK WAH LEE

2 FUNG, as Trustees of THE FUNG FAMILY TRUST, U.D.T. ("Under Declaration of Trust"),

3 Dated August 24, 1994 have intentionally undertaken to modify and alter existing building(s), and

4 have failed to make them comply with accessibility requirements under the requirements of

5 ADAAG and Title 24. The acts and omission of said defendants, in failing to provide the required

6 accessible public facilities at the time of plaintiff's visit and injuries, indicate actual and implied

7 malice toward plaintiff, and despicable conduct carried out by defendants, with a willful and

8 conscious disregard for the rights and safety of plaintiff and other similarly situated persons, and

9 justify a trebling of damages as provided by Civil Code §§52(a) and 54.3, in order to make a more

10 profound example of defendants, and landlords of other cafes and other public facilities, and to

11 punish defendants and to carry out the purposes of the Civil Code §§ 51, 51.5 and 54.

12          39.     Plaintiff is informed and believes and therefore alleges that defendants HON

13 WING FUNG and PIK WAH LEE FUNG, as Trustees of THE FUNG FAMILY TRUST, U.D.T.

14 ("Under Declaration of Trust"), Dated August 24, 1994; and CHARLIE TRUONG, an individual,

15 dba TOASTIES, and each of them, caused the subject building(s) which constitute TOASTIES to

16 be constructed, altered and maintained in such a manner that persons with physical disabilities

17 were denied full and equal access to, within and throughout said building(s) of the TOASTIES

18 and were denied full and equal use of said public facilities. Furthermore, on information and

19 belief, defendants have continued to maintain and operate said TOASTIES and/or its building(s)

20 in such conditions up to the present time, despite actual and constructive notice to such defendants

21 that the configuration of TOASTIES and/or its building(s) is in violation of the civil rights of

22 persons with physical disabilities, such as plaintiff CRAIG YATES, and other members of the

23 disability community. Such construction, modification, ownership, operation, maintenance and

24 practices of such public facilities are in violation of Civil Code §§51, 51.5 and 54, Health and

25 Safety Code §19955, and the ADA, 42 U.S.C. §12101, *et seq.*

26 ///

27 ///

28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

11

1    40.    On personal knowledge, information and belief, the basis of defendants' actual and
2  constructive notice that the physical configuration of the facilities including, but not limited to,
3  architectural barriers constituting the Café Gratitude and then TOASTIES and/or building(s) was
4  in violation of the civil rights of persons with physical disabilities, such as plaintiff, includes, but
5  is not limited to, communications with invitees and guests, plaintiff CRAIG YATES himself,
6  sponsors of conferences, owners of other restaurants, hotels, motels and businesses, notices they
7  obtained from governmental agencies upon modification, improvement, or substantial repair of
8  the subject premises and other properties owned by these defendants, newspaper articles and trade
9  publications regarding the Americans with Disabilities Act of 1990 and other access laws, public
10 service announcements by former U.S. Attorney General Janet Reno between 1993 and 2000, and
11 other similar information. Defendants' failure, under state and federal law, to make the
12 TOASTIES accessible is further evidence of defendants' conscious disregard for the rights of
13 plaintiff and other similarly situated persons with disabilities. Despite being informed of such
14 effect on plaintiff and other persons with physical disabilities due to the lack of accessible
15 facilities, defendants, and each of them, knowingly and willfully refused to take any steps to
16 rectify the situation and to provide full and equal access for plaintiff and other persons with
17 physical disabilities to the Café Gratitude and then TOASTIES. Said defendants, and each of
18 them, have continued such practices, in conscious disregard for the rights of plaintiff and other
19 persons with physical disabilities, up to the date of filing of this complaint, and continuing
20 thereon. Defendants had further actual knowledge of the architectural barriers referred to herein
21 by virtue of the demand letter addressed to the defendants and served concurrently with the
22 summons and complaint. Said conduct, with knowledge of the effect it was and is having on
23 plaintiff and other persons with physical disabilities, constitutes despicable conduct in conscious
24 disregard of the rights and safety of plaintiff and of other similarly situated persons, justifying the
25 imposition of treble damages per Civil Code §§52 and 54.3.

26    41.    Plaintiff CRAIG YATES and the disability community, consisting of persons with
27 disabilities, would, could and will return to the subject public accommodation when it is made
28 accessible to persons with disabilities.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

12

**I.** **FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §12101, *et seq.*)**
(On behalf of Plaintiff CRAIG YATES, an individual and Against Defendants HON WING FUNG and PIK WAH LEE FUNG, as Trustees of THE FUNG FAMILY TRUST, U.D.T. ("Under Declaration of Trust"), Dated August 24, 1994; and CHARLIE TRUONG, an individual, dba TOASTIES, inclusive)
(42 U.S.C. §12101, *et seq.*)

42. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 41 of this complaint.

43. Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C. §12101 regarding persons with physical disabilities, finding that laws were needed to more fully protect:

> some 43 million Americans with one or more physical or mental disabilities; [that] historically society has tended to isolate and segregate individuals with disabilities; [that] such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem; [that] the nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self-sufficiency for such individuals; [and that] the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous.

44. Congress stated as its purpose in passing the Americans with Disabilities Act of 1990 (42 U.S.C. §12102):

> It is the purpose of this act (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities; (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; (3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and (4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of discrimination faced day to day by people with disabilities.

///

///

///

///

1    45.    As part of the Americans with Disabilities Act of 1990, Public Law 101-336

2   (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services

3   Operated by Private Entities" (Section 301 42 U.S.C. §12181, *et seq.*). Among the public

4   accommodations identified for purposes of this title was:

5           (7)    PUBLIC ACCOMMODATION - The following private
                    entities are considered public accommodations for purposes of this
6                   title, if the operations of such entities affect commerce -

7                   ---

8                   (B) a restaurant, bar or other establishment serving food or
                    drink.
9
            42 U.S.C. §12181(7)(B)
10
     46.    Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated against
11
    on the basis of disability in the full and equal enjoyment of the goods, services, facilities,
12
    privileges, advantages, or accommodations of any place of public accommodation by any person
13
    who owns, leases, or leases to, or operates a place of public accommodation."
14
     47.    The specific prohibitions against discrimination set forth in §302(b)(2)(a),
15
    42 U.S.C. §12182(b)(2)(a) are:
16
                    (I)    the imposition or application of eligibility criteria
17                  that screen out or tend to screen out an individual with a disability
                    or any class of individuals with disabilities from fully and equally
18                  enjoying any goods, services, facilities, privileges, advantages, or
                    accommodations, unless such criteria can be shown to be necessary
19                  for the provision of the goods, services, facilities, privileges,
                    advantages, or accommodations being offered;
20
                    (ii)    a failure to make reasonable modifications in
21                  policies, practices, or procedures, when such modifications are
                    necessary to afford such goods, services, facilities, privileges,
22                  advantages or accommodations to individuals with disabilities,
                    unless the entity can demonstrate that making such modifications
23                  would fundamentally alter the nature of such goods, services,
                    facilities, privileges, advantages, or accommodations;
24
                    (iii)    a failure to take such steps as may be necessary to
25                  ensure that no individual with a disability is excluded, denied
                    services, segregated or otherwise treated differently than other
26                  individuals because of the absence of auxiliary aids and services,
                    unless the entity can demonstrate that taking such steps would
27                  fundamentally alter the nature of the good, service, facility,
                    privilege, advantage, or accommodation being offered or would
28                  result in an undue burden;

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

14

1                     (iv)     a failure to remove architectural barriers, and
                  communication barriers that are structural in nature, in existing

2                   facilities . . . where such removal is readily achievable; and

3                     (v)     where an entity can demonstrate that the removal of
                  a barrier under clause (iv) is not readily achievable, a failure to

4                   make such goods, services, facilities, privileges, advantages or
                  accommodations available through alternative methods if such

5                   methods are readily achievable.

6 The acts of defendants set forth herein were a violation of plaintiff's rights under the ADA, Public

7 Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36, *et seq.* - Effective

8 January 31, 1993, the standards of the ADA were also incorporated into California Civil Code

9 §51, making available the damage remedies incorporated into Civil Code §51 and 52(a) and 54.3.

10        48.     The removal of the barriers complained of by plaintiff as hereinabove alleged were

11 at all times after January 26, 1992 "readily achievable" as to the subject building(s) of Café

12 Gratitude and then TOASTIES pursuant to 42 U.S.C. §12182 (b)(2)(A)(i)-(iv). On information

13 and belief, if the removal of all the barriers complained of herein together was not "readily

14 achievable," the removal of each individual barrier complained of herein was "readily

15 achievable." On information and belief, defendants' failure to remove said barriers was likewise

16 due to discriminatory practices, procedures and eligibility criteria, as defined by 42 U.S.C. §12182

17 (b)(2)(A)(i)and (ii).

18        49.     Per 42 U.S.C. §12181 (9), the term "readily achievable" means "easily

19 accomplishable and able to be carried out without much difficulty or expense." The statute

20 defines relative "expense" in part in relation to the total financial resources of the entities

21 involved. Plaintiff alleges that properly repairing, modifying, or altering each of the items that

22 plaintiff complains of herein were and are "readily achievable" by the defendants under the

23 standards set forth under §301(9) of the Americans with Disabilities Act. Furthermore, if it was

24 not "readily achievable" for defendants to remove each of such barriers, defendants have failed to

25 make the required services available through alternative methods which were readily achievable.

26 ///

27 ///

28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    50.    On information and belief, construction work on, and modifications of, the subject
2 building(s) of Café Gratitude and then TOASTIES occurred after the compliance date for the
3 Americans with Disabilities Act, January 26, 1992, independently triggering access requirements
4 under Title III of the ADA.

5    51.    Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, *et
6 seq.*, plaintiff is entitled to the remedies and procedures set forth in §204(a) of the Civil Rights
7 Act of 1964, 42 U.S.C. 2000(a)-3(a), as plaintiff is being subjected to discrimination on the basis
8 of disability in violation of this title or have reasonable grounds for believing that plaintiff is about
9 to be subjected to discrimination in violation of §302. Plaintiff is deterred from returning to or
10 making use of the public facilities complained of herein so long as the premises and defendants'
11 policies bar full and equal use by persons with physical disabilities.

12    52.    42 U.S.C. 12188 (a)(1) states: "Nothing in this section shall require a person with a
13 disability to engage in a futile gesture if such person has actual notice that a person or
14 organization covered by this title does not intend to comply with its provisions." Pursuant to this
15 section, plaintiff CRAIG YATES has not returned to defendants' premises since on or about
16 February 3, 2010, but on information and belief, alleges that defendants have continued to violate
17 the law and deny the rights of plaintiff and of other persons with physical disabilities to access this
18 public accommodation. Pursuant to 42 USC §12188(a)(2), "In cases of violations of
19 §302(b)(2)(A)(iv) . . . injunctive relief shall include an order to alter facilities to make such
20 facilities readily accessible to and usable by individuals with disabilities to the extent required by
21 this title."

22    53.    Plaintiff seeks relief pursuant to remedies set forth in §204(a) of the Civil Rights
23 Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to implement
24 the Americans with Disabilities Act of 1990, including but not limited to an order granting
25 injunctive relief and attorneys' fees. Plaintiff will seek attorneys' fees conditioned upon being
26 deemed to be the prevailing party.

27 ///

28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

16

1  **II.     SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS
           IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, ET SEQ.**
2          (On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants HON
           WING FUNG and PIK WAH LEE FUNG, as Trustees of THE FUNG FAMILY TRUST,
3          U.D.T. ("Under Declaration of Trust"), Dated August 24, 1994; and  CHARLIE
           TRUONG, an individual, dba TOASTIES, inclusive)
4          (California Civil Code §§54, 54.1, 54.3, *et seq.*)

5          54.     Plaintiff repleads and incorporates by reference as if fully set forth again herein, the

6   allegations contained in paragraphs 1 through 53 of this complaint.

7          55.     At all times relevant to this action, California Civil Code §54 has provided that

8   persons with physical disabilities are not to be discriminated against because of physical handicap

9   or disability. This section provides that:

10                  (a) Individuals with disabilities . . . have the same rights as
                the general public to full and free use of the streets, highways,
11              sidewalks, walkways, public buildings, medical facilities, including
                hospitals, clinics, and physicians' offices, and other public places.
12
           56.     California Civil Code §54.1 provides that persons with disabilities shall not be
13
    denied full and equal access to places of public accommodation or facilities:
14
                    (a)(1) Individuals with disabilities shall be entitled to full
15              and equal access, as other members of the general public, to
                accommodations, advantages, facilities, medical facilities, including
16              hospitals, clinics, and physicians' offices, and privileges of all
                common carriers, airplanes, motor vehicles, railroad trains,
17              motorbuses, streetcars, boats, or any other public conveyances or
                modes of transportation (whether private, public, franchised,
18              licensed, contracted, or otherwise provided), telephone facilities,
                adoption agencies, private schools, hotels, lodging places, places of
19              public accommodation, amusement or resort, and other places to
                which the general public is invited, subject only to the conditions
20              and limitations established by law, or state or federal regulation, and
                applicable alike to all persons.
21
                Civil Code §54.1(a)(1)
22
           57.     California Civil Code §54.1 further provides that a violation of the Americans with
23
    Disabilities Act of 1990 constitutes a violation of section 54.1:
24
                    (d) A violation of the right of an individual under the
25              Americans with Disabilities Act of 1990 (Public Law 101-336) also
                constitutes a violation of this section, and nothing in this section
26              shall be construed to limit the access of any person in violation of
                that act.
27
                Civil Code §54.1(d)
28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

17

1    58.    Plaintiff CRAIG YATES is a person within the meaning of Civil Code §54.1

2  whose rights have been infringed upon and violated by the defendants, and each of them, as

3  prescribed by Civil Code §§54 and 54.1. Each specific architectural barrier which defendants

4  knowingly and willfully fail and refuse to remove constitutes a separate act in violation of Civil

5  Code §§54 and 54.1. Plaintiff has been and continue to be denied full and equal access first to

6  defendants' Café Gratitude and then TOASTIES. As a legal result, plaintiff is entitled to seek

7  damages pursuant to a court or jury determination, in accordance with California Civil Code

8  §54.3(a) for each day on which he visited or have been deterred from visiting Café Gratitude and

9  then TOASTIES because of his knowledge and belief that Café Gratitude and then TOASTIES

10  was/is inaccessible to persons with disabilities. California Civil Code §54.3(a) provides:

11          Any person or persons, firm or corporation, who denies or interferes
            with admittance to or enjoyment of the public facilities as specified
12          in Sections 54 and 54.1 or otherwise interferes with the rights of an
            individual with a disability under Sections 54, 54.1 and 54.2 is
13          liable for each offense for the actual damages and any amount as
            may be determined by a jury, or the court sitting without a jury, up
14          to a maximum of three times the amount of actual damages but in
            no case less than . . .one thousand dollars ($1,000) and . . .
15          attorney's fees as may be determined by the court in addition
            thereto, suffered by any person denied any of the rights provided in
16          Sections 54, 54.1 and 54.2.

17          Civil Code §54.3(a)

18    59.    On or about February 9, 2009, March 7, 2009, March 9, 2009, April 10, 2009,

19  January 26, 2010 and February 3, 2010, plaintiff CRAIG YATES suffered violations of Civil

20  Code §§54 and 54.1 in that plaintiff CRAIG YATES was denied access to the entrance and unisex

21  restroom and other public facilities as stated herein at the Café Gratitude and now TOASTIES and

22  on the basis that plaintiff CRAIG YATES was a person with physical disabilities.

23    60.    As a result of the denial of equal access to defendants' facilities due to the acts and

24  omissions of defendants, and each of them, in owning, operating and maintaining these subject

25  public facilities, plaintiff suffered violations of plaintiff's civil rights, including but not limited to

26  rights under Civil Code §§54, 54.1 and 54.3.

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

18

1    61.    Further, plaintiff CRAIG YATES suffered mental distress, mental suffering, mental
2 anguish, which includes shame, humiliation, embarrassment, frustration, anger, disappointment
3 and worry, all of which are expectedly and naturally associated with a denial of access to a person
4 with physical disabilities, all to plaintiff's damages as hereinafter stated. Defendants' actions and
5 omissions to act constituted discrimination against plaintiff on the sole basis that plaintiff is a
6 person or an entity that represents persons with physical disabilities and unable, because of the
7 architectural barriers created and maintained by the defendants in violation of the subject laws, to
8 use the public facilities hereinabove described on a full and equal basis as other persons.

9    62.    Plaintiff has been damaged by defendants', and each of their, wrongful conduct and
10 seeks the relief that is afforded by Civil Code §§54 and 54.1, 54.3 for violation of plaintiff's rights
11 as a person or an entity that represents persons with physical disabilities on or about
12 February 9, 2009, March 7, 2009, March 9, 2009, April 10, 2009, January 26, 2010 and
13 February 3, 2010, and on a continuing basis since then, including statutory damages, a trebling of
14 all of actual damages, general and special damages available pursuant to §54.3 of the Civil Code
15 according to proof.

16    63.    As a result of defendants', and each of their, acts and omissions in this regard,
17 plaintiff has been required to incur legal expenses and hire attorneys in order to enforce
18 plaintiff's rights and enforce the provisions of the law protecting access for persons with physical
19 disabilities and prohibiting discrimination against persons with physical disabilities. Pursuant to
20 the provisions of Civil Code §54.3, plaintiff therefore will seek recovery in this lawsuit for all
21 reasonable attorneys' fees and costs incurred if deemed the prevailing party. Additionally,
22 plaintiff's lawsuit is intended not only to obtain compensation for damages to plaintiff, but also to
23 compel the defendants to make their facilities accessible to all members of the public with
24 disabilities, justifying public interest attorneys' fees, if deemed the prevailing party, pursuant to
25 the provisions of §1021.5 of the Code of Civil Procedure.

26 ///

27 ///

28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

19

**III.    THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEQ.***
(On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants HON WING FUNG and PIK WAH LEE FUNG, as Trustees of THE FUNG FAMILY TRUST, U.D.T. ("Under Declaration of Trust"), Dated August 24, 1994; and  CHARLIE TRUONG, an individual, dba TOASTIES, inclusive)
(Health & Safety Code §19955, *et seq.*)

64.    Plaintiff repleads and incorporates by reference, as if fully set forth again herein,

the allegations contained in paragraphs 1 through 63 of this complaint.

65.    Health & Safety Code §19955 provides in pertinent part:

> The purpose of this part is to insure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code.  For the purposes of this part "public accommodation or facilities" means a building, structure, facility, complex, or improved area which is used by the general public and shall include auditoriums, hospitals, theaters, restaurants, hotels, motels, stadiums, and convention centers.  When sanitary facilities are made available for the public, clients or employees in such accommodations or facilities, they shall be made available for the handicapped.

66.    Health & Safety Code §19956, which appears in the same chapter as §19955,

provides in pertinent part, "accommodations constructed in this state shall conform to the

provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government

Code . . . ."  Health & Safety Code §19956 was operative July 1, 1970, and is applicable to all

public accommodations constructed or altered after that date.  On information and belief, portions

of the Café Gratitude and TOASTIES and/or of the building(s) were constructed and/or altered

after July 1, 1970, and substantial portions of the restaurants and/or the building(s) had alterations,

structural repairs, and/or additions made to such public accommodations after July 1, 1970,

thereby requiring said restaurants and/or building to be subject to the requirements of Part 5.5,

§19955, *et seq.*, of the Health & Safety Code upon such alteration, structural repairs or additions

per Health & Safety Code §19959.

///

///

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

20

1       67.     Pursuant to the authority delegated by Government Code §4450, *et seq*, the State
2 Architect promulgated regulations for the enforcement of these provisions. Effective July 1,
3 1982, Title 24 of the California Building Standards Code adopted the California State Architect's
4 Regulations and these regulations must be complied with as to any alterations and/or
5 modifications of Café Gratitude and TOASTIES and/or the building(s) occurring after that date.
6 Construction changes occurring prior to this date but after July 1, 1970 triggered access
7 requirements pursuant to the "ASA" requirements, the American Standards Association
8 Specifications, A117.1-1961. On information and belief, at the time of the construction and
9 modification of said building, all buildings and facilities covered were required to conform to
10 each of the standards and specifications described in the American Standards Association
11 Specifications and/or those contained in Title 24 of the California Building Standards Code.

12       68.     Cafes and Restaurants such as the Café Gratitude and TOASTIES are "public
13 accommodations or facilities" within the meaning of Health & Safety Code §19955, *et seq*.

14       69.     As a result of the actions and failure to act of defendants, and as a result of the
15 failure to provide proper and legally handicapped-accessible public facilities, plaintiff was denied
16 plaintiff's rights to full and equal access to public facilities and suffered a loss of plaintiff's civil
17 rights and plaintiff's rights as a person with physical disabilities to full and equal access to public
18 facilities.

19       70.     Attorneys' Fees -- As a result of defendants' acts and omissions in this regard,
20 plaintiff has been required to incur legal expenses and hire attorneys in order to enforce plaintiff's
21 civil rights and enforce provisions of the law protecting access for the persons with physical
22 disabilities and prohibiting discrimination against the persons with physical disabilities, and to
23 take such action both in plaintiff's own interests and in order to enforce an important right
24 affecting the public interest. Plaintiff, therefore, seeks in this lawsuit the recovery of all
25 reasonable attorneys' fees incurred, pursuant to the provisions of the Code of Civil Procedure
26 §1021.5. Plaintiff additionally seeks attorneys' fees pursuant to Health & Safety Code §19953
27 and Civil Code §§54.3 and/or in the alternative, plaintiff will seek attorneys' fees, costs and
28 litigation expenses pursuant to §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 200(a)-3(a)).

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1 │ Plaintiff will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

2 │      71.     Plaintiff seeks injunctive relief for an order compelling defendants, and each of

3 │ them, to make the subject place of public accommodation readily accessible to and usable by

4 │ persons with disabilities.

5 │ **IV.    FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND**
        **EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES**
6 │         **AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51,** *ET*
        *SEO.* **(THE UNRUH CIVIL RIGHTS ACT)**
7 │         (On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants HON
        WING FUNG and PIK WAH LEE FUNG, as Trustees of THE FUNG FAMILY TRUST,
8 │         U.D.T. ("Under Declaration of Trust"), Dated August 24, 1994; and CHARLIE
        TRUONG, an individual, dba TOASTIES, inclusive)
9 │         (Civil Code §51, 51.5)

10 │      72.     Plaintiff repleads and incorporates by reference, as if fully set forth again herein,

11 │ the allegations contained in paragraphs 1 through 71 of this complaint.

12 │      73.     Defendants' actions and omissions and failure to act as a reasonable and prudent

13 │ public accommodation in identifying, removing and/or creating architectural barriers, policies,

14 │ practices and/or procedures violates §51 of the Civil Code, the Unruh Civil Rights Act. The

15 │ Unruh Act provides:

16 │         This section shall be known, and may be cited, as the Unruh
        Civil Rights Act.

17 │

18 │         All persons within the jurisdiction of this state are free and
        equal, and no matter what their sex, race, color, religion, ancestry,
        national origin, or **disability** are entitled to the full and equal
19 │         accommodations, advantages, facilities, privileges, or services in all
        business establishments of every kind whatsoever.

20 │

21 │         This section shall not be construed to confer any right or
        privilege on a person that is conditioned or limited by law or that is
        applicable alike to persons of every sex, color, race, religion,
22 │         ancestry, national origin, or **disability.**

23 │ ///

24 │ ///

25 │ ///

26 │ ///

27 │ ///

28 │ ///

1          Nothing in this section shall be construed to require any
           construction, alteration, repair, structural or otherwise, or
2          modification of any sort whatsoever, beyond that construction,
           alteration, repair, or modification that is otherwise required by other
3          provisions of law, to any new or existing establishment, facility,
           building, improvement, or any other structure . . . nor shall anything
4          in this section be construed to augment, restrict, or alter in any way
           the authority of the State Architect to require construction,
5          alteration, repair, or modifications that the State Architect otherwise
           possesses pursuant to other . . . laws.
6
           A violation of the right of any individual under the
7          Americans with Disabilities Act of 1990 (Public Law 101-336) shall
           also constitute a violation of this section.
8
As the Unruh Act incorporates violations of the Americans with Disabilities Act of 1990, the
9
"intent" of the defendants in not complying with barrier removal is not an issue. Hence, the
10
failure on the parts of defendants, as reasonable and prudent public accommodations, in acting or
11
failing to act to identify and remove barriers can be construed as a "negligent per se" act of
12
defendants, and each of them.
13
      74.    The acts and omissions of defendants stated herein are discriminatory in nature and
14
in violation of Civil Code §51.5:
15
           No business establishment of any kind whatsoever shall
16         discriminate against, boycott or blacklist, refuse to buy from, sell to,
           or trade with any person in this state because of the race, creed,
17         religion, color, national origin, sex, or **disability** of the person or of
           the person's partners, members, stockholders, directors, officers,
18         managers, superintendents, agents, employees, business associates,
           suppliers, or customers.
19
           As used in this section, "person" includes any person, firm
20         association, organization, partnership, business trust, corporation,
           limited liability company, or company.
21
           Nothing in this section shall be construed to require any
22         construction, alteration, repair, structural or otherwise, or
           modification of any sort whatsoever, beyond that construction,
23         alteration, repair or modification that is otherwise required by other
           provisions of law, to any new or existing establishment, facility,
24         building, improvement, or any other structure . . . nor shall anything
           in this section be construed to augment, restrict or alter in any way
25         the authority of the State Architect to require construction,
           alteration, repair, or modifications that the State Architect otherwise
26         possesses pursuant to other laws.

27   ///

28   ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    75.    Defendants' acts and omissions as specified have denied to the plaintiff full and
2    equal accommodations, advantages, facilities, privileges and services in a business establishment,
3    on the basis of physical disability, in violation of Civil Code §§51 and 51.5, the Unruh Civil
4    Rights Act. Furthermore, pursuant to the 1992 amendment to California Civil Code §51, "A
5    violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public
6    Law 101-336) shall also constitute a violation of this section." Plaintiff accordingly incorporates
7    the entirety of his/her above cause of action for violation of the Americans with Disabilities Act at
8    §42, *et seq.*, as if repled herein.

9    76.    As a further legal result of the actions and failure to act of defendants, and as a
10   legal result of the failure to provide proper handicapped-accessible public facilities as set forth
11   herein, plaintiff was denied his civil rights to full and equal access to public facilities. Plaintiff
12   CRAIG YATES suffered a loss of his civil rights and his rights as a person with physical
13   disabilities to full and equal access to public facilities.

14   77.    Further, plaintiff CRAIG YATES suffered mental distress, mental
15   suffering, mental anguish, which includes shame, humiliation, embarrassment, frustration, anger,
16   disappointment and worry, all of which are expectedly and naturally associated with a denial of
17   access to a person with physical disabilities, all to plaintiff's damages as hereinafter stated.
18   Defendants' actions and omissions to act constituted discrimination against plaintiff on the sole
19   basis that plaintiff is a person or an entity that represents persons with physical disabilities and
20   unable, because of the architectural barriers created and maintained by the defendants in violation
21   of the subject laws, to use the public facilities hereinabove described on a full and equal basis as
22   other persons.

23   ///
24   ///
25   ///
26   ///
27   ///
28   ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

24

1    78.    Plaintiff CRAIG YATES is entitled to the rights and remedies of §52(a)

2  of the Civil Code, including trebling of actual damages (defined by §52(h) of the Civil Code to

3  mean "special and general damages"), as well as to reasonable attorneys' fees and costs, as is

4  allowed by statute, according to proof if deemed to be the prevailing party.

5  **PRAYER:**

6    Plaintiff prays that this court award damages and provide relief as follows:

7  **I.    PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A**
   **PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH**
8  **DISABILITIES ACT OF 1990 (42 U.S.C. §1 2101, *et seq.*)**
   (On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants HON
9  WING FUNG and PIK WAH LEE FUNG, as Trustees of THE FUNG FAMILY TRUST,
   U.D.T. ("Under Declaration of Trust"), Dated August 24, 1994; and CHARLIE
10  TRUONG, an individual, dba TOASTIES, inclusive)
   (42 U.S.C. §12101, *et seq.*)
11

12    1.    For injunctive relief, compelling defendants HON WING FUNG and PIK WAH

13  LEE FUNG, as Trustees of THE FUNG FAMILY TRUST, U.D.T. ("Under Declaration of

14  Trust"), Dated August 24, 1994; and CHARLIE TRUONG, an individual, dba TOASTIES,

15  inclusive, to make the TOASTIES, located at 1336 9th Avenue, San Francisco, California, readily

16  accessible to and usable by individuals with disabilities, per 42 U.S.C §12181, *et seq.*, and to

17  make reasonable modifications in policies, practice, eligibility criteria and procedures so as to

18  afford full access to the goods, services, facilities, privileges, advantages and accommodations

19  being offered.

20    2.    For attorneys' fees, litigation expenses and costs of suit, if plaintiff is deemed the

21  prevailing party; and

22    3.    For such other and further relief as the court may deem proper.

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

25

**II. PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, *ET SEO.***
(On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants HON WING FUNG and PIK WAH LEE FUNG, as Trustees of THE FUNG FAMILY TRUST, U.D.T. ("Under Declaration of Trust"), Dated August 24, 1994; and CHARLIE TRUONG, an individual, dba TOASTIES, inclusive)
(California Civil Code §§54, 54.1, 54.3, *et seq.*)

1.      For injunctive relief, compelling defendants HON WING FUNG and PIK WAH LEE FUNG, as Trustees of THE FUNG FAMILY TRUST, U.D.T. ("Under Declaration of Trust"), Dated August 24, 1994; and CHARLIE TRUONG, an individual, dba TOASTIES, inclusive, to make the TOASTIES, located at 1336 9th Avenue, San Francisco, California, readily accessible to and usable by individuals with disabilities, per state law.

2.      Statutory damages as afforded by Civil Code §54.3 for the date of incident and for each occasion on which plaintiff was deterred from returning to the subject public accommodation.

3.      Attorneys' fees pursuant to Civil Code §54.3 and Code of Civil Procedure §1021.5, if plaintiffs are deemed the prevailing party;

4.      Treble damages pursuant to Civil Code §54.3;

5.      General damages according to proof;

6.      For all costs of suit;

7.      Prejudgment interest pursuant to Civil Code §3291; and

8.      Such other and further relief as the court may deem just and proper.

///

///

///

///

///

///

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**III.    PRAYER FOR THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEO.***
(On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants HON WING FUNG and PIK WAH LEE FUNG, as Trustees of THE FUNG FAMILY TRUST, U.D.T. ("Under Declaration of Trust"), Dated August 24, 1994; and CHARLIE TRUONG, an individual, dba TOASTIES, inclusive)
(Health & Safety code §19955, *et seq.*)

1.    For injunctive relief, compelling defendants HON WING FUNG and PIK WAH LEE FUNG, as Trustees of THE FUNG FAMILY TRUST, U.D.T. ("Under Declaration of Trust"), Dated August 24, 1994; and CHARLIE TRUONG, an individual, dba TOASTIES, inclusive, to make the TOASTIES, located at 1336 9th Avenue, San Francisco, California, readily accessible to and usable by individuals with disabilities, per state law.

2.    For attorneys' fees pursuant to Code of Civil Procedure §1021.5, and/or, alternatively, Health & Safety Code §19953, if plaintiff is deemed the prevailing party;

3.    For all costs of suit;

4.    For prejudgment interest pursuant to Civil Code §3291;

5.    Such other and further relief as the court may deem just and proper.

**IV.    PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEO.* (THE UNRUH CIVIL RIGHTS ACT)***
(On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants HON WING FUNG and PIK WAH LEE FUNG, as Trustees of THE FUNG FAMILY TRUST, U.D.T. ("Under Declaration of Trust"), Dated August 24, 1994; and CHARLIE TRUONG, an individual, dba TOASTIES , inclusive)
(California Civil Code §§51, 51.5, *et seq.*)

1.    All statutory damages as afforded by Civil Code §52(a) for the date of incident and for each occasion on which plaintiff was deterred from returning to the subject public accommodation;

2.    Attorneys' fees pursuant to Civil Code §52(a), if plaintiff is deemed the prevailing party;

3.    General damages according to proof;

4.    Treble damages pursuant to Civil Code §52(a);

5.    For all costs of suit;

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    6.    Prejudgment interest pursuant to Civil Code §3291; and

2    7.    Such other and further relief as the court may deem just and proper.

3

4    Dated: _____, 2010        THOMAS E. FRANKOVICH,
                                          *A PROFESSIONAL LAW CORPORATION*
5

6                                  By: _____

7                                          THOMAS E. FRANKOVICH
8                                          Attorneys for Plaintiff CRAIG YATES, an individual

9

10                              **DEMAND FOR JURY TRIAL**

11   Plaintiff hereby demands a jury for all claims for which a jury is permitted.

12

13   Dated: _____, 2010        THOMAS E. FRANKOVICH,
                                          *A PROFESSIONAL LAW CORPORATION*
14

15                                  By: _____
16
                                           THOMAS E. FRANKOVICH
17                                         Attorneys for Plaintiff CRAIG YATES, an individual

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

28